

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-1980
> Re: Applicability of Limitation
> of payments clause in Senate
> Bill 427, Acts of the 46th
> Legislature, to special rider
> appropriating fees collected
> under House Bill 547, 42nd
> Legislature, to the Comptroller
> for his use in making audit as
> provided in said Act.

By your letter of February 19, 1940, you ask the opinion of this Department upon the following matter:

"Subsection (b) of Section 8 of House Bill 547, as amended by House Bill No. 8, of the 3rd Called Session of the 44th Legislature, reads, as follows:

"(b) All taxes, penalties and interest due any producer shall constitute a preferred lien on all of his wells, leases, and other property devoted to or used in his business as producer, not exempt under the Constitution, and if any producer shall fail to remit the proper taxes, penalties and interest due, or any of them, the Comptroller may employ auditors or other persons to ascertain the correct amount due, and the producer shall be liable, as an additional penalty, for the reasonable expenses or the reasonable value of such services of representatives of the Comptroller, incurred in such investigation and audit; provided, that all funds collected for audits and examinations shall be placed in a special fund in the Treasury and shall constitute a revolving fund which may be used from time to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

time by the Comptroller in making such audits in addition to the general appropriation made for such purpose, and all of said funds to be placed in said special fund are hereby appropriated for such purpose.'

"The current appropriation bill; that is, Senate Bill No. 427, carries a rider which reads:

"'Subject to the limitations set forth in the provisions appearing at the end of this Act, any fees collected for audits and examinations as provided in House Bill 547, passed by the Regular Session of the Forty-second Legislature, and any amendments thereto, and any balances in the "Natural and Casinghead Gas Audit Fund" are hereby appropriated to the Comptroller of Public Accounts to be used in making audits as provided in said Act. The one-half of one per cent appropriated herein shall be transferred to the enforcement fund before the receipts are allocated to the proper funds.'

"This department desires your opinion as to whether the money appropriated under the foregoing House Bill for the use and benefit of the Comptroller's Office comes under the general rider in the current appropriation bill, known as 'Limitation of Payments.'"

We find in the rider which you quote a specific appropriation of these fees to your department for the accomplishment of a definite purpose. We have heretofore held that the Limitation of Payments clause does not apply to those funds which are appropriated either by specific itemization of purpose and amount, or by special rider appropriating all of the fund to such purpose, but only to the instance where the appropriation of the fund is not to be found elsewhere than in the Limitation of Payments clause. See our Conference Opinion No. 3082, addressed to the Honorable Lee O'Daniel, Governor of Texas, in which we construed the Limitation of Payments clause in Senate Bill 427, Regular Session, Forty-sixth Legislature.

Honorable George H. Sheppard, Page 3


        Your question is therefore answered in the negative.

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS


                    By
                              R. W. Fairchild
                              Assistant

RWF::LM


APPROVED FEB 27, 1940
(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



                              APPROVED
                         opinion committee
                           By    BWB
                              chairman